IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 1:15-cv-23642-XXXX

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) |
| **STANLEY M. GLASER, D/B/A GLASER ORGANIC FARMS, D/B/A GLASER FARMS** | ) ) ) ) |
| **Defendant.** | ) ) ) |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, color, and retaliation and to provide appropriate relief to Charging Party Debora Velasquez and a class of Hispanic kitchen workers employed at Glaser Organic Farms. As alleged with greater particularity below, Defendant Glaser Organic Farms subjected Velasquez and a class of Hispanic kitchen workers to a hostile work environment based on national origin and further subjected Velasquez to a hostile work environment based on her color. Defendant then terminated Velasquez in retaliation for filing a charge with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Florida.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Stanley M. Glaser, d/b/a Glaser Organic Farms and Glaser Farms ("Glaser Farms"), has continuously been doing business in the State of Florida and in the City of Miami, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Glaser Farms has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.  More than thirty days prior to the institution of this lawsuit, Debora Velasquez filed charges with the Commission alleging violations of Title VII by Defendant Glaser Farms.

7. On May 29, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 30, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF FACTS

12. Since at least January 2012, Stanley Glaser has owned and operated an organic farm, d/b/a Glaser Organic Farms and Glaser Farms ("Glaser Farms"), in Southwest Miami-Dade County, Miami, Florida.

13. Glaser Farms employs approximately 70 general laborers who work in the field and/or in its kitchen.

14. Glaser Farms employs workers in its kitchen area where it processes raw organic food for retail sale on site or in local markets.

15. Tracey Lawrence, also known as Tracy Fleming, ("Lawrence") has been employed as Glaser Farm's kitchen manager since at least December 2013 and reports directly to Stanley Glaser.

16. Lawrence directly supervises kitchen workers, including kitchen assistant managers Adriana Morales and Leticia Martinez, who assist Lawrence in her supervision of kitchen workers.

17. Debora Velasquez began working as a kitchen worker for Glaser Farms in or around December 2013.

18. Velasquez is of Guatemalan national origin.

19. Velasquez has dark-colored skin.

20. Throughout Velasquez's employment at Glaser Farms, Lawrence subjected Velasquez to a hostile work environment on a consistent and near daily basis, including, but not limited to:

   a. referring to Velasquez as "burro", stupid, and by her national origin ("Guatemalteca");

   b. referring to Velasquez as "negra;"

   c. assigning Velasquez to perform jobs alone that were previously performed by two individuals;

   d. yelling and berating Velasquez, and on several occasions suspending Velasquez for a day or several days for unfounded reasons;

   e. on one occasion, Lawrence grabbed Velasquez and placed a pair of shears at Velasquez's neck, and when Lawrence removed the scissors, Lawrence motioned that she would cut Velasquez's throat.

21. Lawrence's assistant managers also referred to Velasquez as the "chocolate one."

22. Lawrence also subjected other kitchen workers to a hostile work environment, including but not limited to, yelling and berating them, and regularly saying that "Mexicans are stupid," "Mexicans are lazy," and that Mexicans were ignorant and could not read or write.

23. Glaser Farms' kitchen workers include employees of Mexican national origin, as well as other Hispanic national origins.

24. Lawrence and her assistant managers' abuse of Velasquez and other kitchen workers was often accomplished in the presence of other Glaser Farms employees and customers.

25. Velasquez objected to Lawrence's treatment directly to Lawrence, and complained numerous times to assistant manager Leticia Martinez, but nothing was done to stop the discrimination.

26. In or around November 2014, Velasquez filed a charge of discrimination with EEOC against Glaser Farms alleging discrimination based on national origin and color, and retaliation.

27. In or around December 2014, Velasquez was terminated from her employment at Glaser Farms because Velasquez opposed the discriminatory practices and because she filed a charge of discrimination with the EEOC.

## STATEMENT OF CLAIMS

28. Paragraphs 1 through 27 are fully incorporated herein.

29. Since at least December 2013, Defendant Glaser Farms has engaged in unlawful employment practices in violation of Sections 703 and 706 of Title VII, 42 U.S.C. 2000(e)-2 and 2000e-5, by subjecting Velasquez and a class of Hispanic kitchen workers to a hostile work environment based on national origin.

30. Since at least December 2013, Defendant Glaser Farms has engaged in unlawful employment practices in violation of Sections 703 and 706 of Title VII, 42 U.S.C. 2000(e)-2 and 2000e-5, by subjecting Velasquez to a hostile work environment based on color.

31. Since approximately October 2014, Defendant Glaser Farms has engaged in unlawful employment practices in violation of Sections 704 and 706 of Title VII, 42 U.S.C. 2000(e)-3 and 2000e-5, by terminating Velasquez in retaliation for opposing unlawful employment actions, including filing an EEOC charge.

32. The effect of the practices complained of in paragraph(s) 12-27 above has been to deprive Debora Velasquez and a class of Hispanic kitchen workers of equal employment opportunities and otherwise adversely affect their status as employees, because of their national origin.

33. The effect of the practices complained of in paragraph(s) 12-27 above has been to deprive Debora Velasquez of equal employment opportunities and otherwise adversely affect her status as an employee, because of her color.

34. The unlawful employment practices complained of in paragraphs 12-27 above were and are intentional.

35. The unlawful employment practices complained of in paragraphs 12-27 above were and are done with malice or with reckless indifference to the federally protected rights of Velasquez and a class of Hispanic kitchen workers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Glaser Farms, its owners, agents, managers, supervisors and all persons in active concert or participation with it, from

subjecting its employees to a hostile work environment on the basis of national origin and/or color, as well as from retaliating against employees who oppose such discrimination;

  B. Order Defendant Glaser Farms to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of Hispanic national origin and dark-skinned employees, and which eradicate the effects of its past and present unlawful employment practices;

  C. Order Defendant Glaser Farms to make whole Charging Party Velasquez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay lieu thereof;

  D. Order Defendant Glaser Farms to make whole Charging Party Velasquez and a class of Hispanic kitchen workers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-27 above, in amounts to be determined at trial;

  E. Order Defendant Glaser Farms to make whole Charging Party Velasquez and a class of Hispanic kitchen workers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-27 above, in amounts to be determined at trial;

  F. Order Defendant Glaser Farms to pay Charging Party Velasquez and a class of Hispanic kitchen workers punitive damages for its malicious and reckless conduct, as described in paragraphs 12-27 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully Submitted,

    P. DAVID LOPEZ
    General Counsel
    JAMES L. LEE
    Deputy General Counsel
    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    U.S. Equal Employment Opportunity Commission
    131 M Street, N.E.
    Washington, D.C. 20507

    ROBERT E. WEISBERG
    Regional Attorney

    KIMBERLY A. CRUZ
    Supervisory Trial Attorney

    s/ Ana Consuelo Martinez
    ANA CONSUELO MARTINEZ
    Trial Attorney
    Government Bar No. A5501912
    New York Bar. No. 4935607
    Florida Bar No. 110394
    Tel: 305-808-1779
    Fax: 305-808-1835
    ana.martinez@eeoc.gov
    U.S. Equal Employment Opportunity Commission
    Miami District Office
    100 S.E. 2nd Street, Suite 1500
    Miami, Florida 33131

    *Attorneys for Plaintiff*