**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-23642-CIV-WILLIAMS/SIMONTON**

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

           **Plaintiff,**

**&.**

**DEBORA VELASQUEZ,**

           **Intervenor-Plaintiff,**

**v.**

**STANLEY M. GLASER,**
**D/B/A GLASER ORGANIC FARMS,**
**D/B/A GLASER FARMS,**

           **Defendant.**
_____/

**ORDER ON EEOC'S MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on a Motion for Protective Order Filed by Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff"). ECF No. [21]. This matter was referred to the undersigned Magistrate Judge pursuant the Order Referring Case to magistrate. ECF No. [13]. Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Protective Order, and Plaintiff replied. ECF Nos. [22] [26]. Plaintiff-Intervenor filed a Motion for Leave to File Brief in Response to Defendant's Memorandum in Opposition to Plaintiff EEOC's Motion for Protective Order. ECF No. [23]. The undersigned held a hearing on June 14, 2016, at the conclusion of which the undersigned announced her ruling on the record. For the reasons stated at the hearing, which are incorporated by reference and summarized below, the Plaintiff's Motion for Protective Order is **GRANTED** in part and **DENIED** in part, and the Plaintiff-Intervenor's Motion for Leave is **DENIED** as moot.

I.    **BACKGROUND**

The EEOC filed this action on September 30, 2015 alleging that (1) Defendant subjected Plaintiff-Intervenor, Debora Velasquez ("Velasquez") and a class of Hispanic kitchen workers to a hostile work environment based on national origin (2) Defendant subjected Velasquez to a hostile work environment based on her color, and (3) Defendant terminated Velasquez in retaliation for filing a charge with the EEOC.  ECF No. [1]. Velasquez subsequently joined the action as an Intervenor-Plaintiff on December 16, 2015.  ECF No. [15].  The EEOC initially requested injunctive relief, compensatory damages, punitive damages, backpay, and future wages within its complaint.[1]  ECF No. [1].

Velasquez filed a separate lawsuit against Defendant before this Court on November 12, 2015, alleging that she was not paid minimum wage in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and that Defendant violated provisions of the Migrant and Seasonal Agricultural Protection Act, 29 U.S.C. § 1801 *et seq.* ("AWPA").  *Velasquez v. Stanley Glaser*, No. 1:15-cv-24224-KMW (S.D. Fla. 2015).  Within that case, Velasquez filed a declaration under oath which expressly stated;

> I am a citizen of Guatemala.  I was born there and resided there before coming to the United States.  Although I have lived in the United States for a number of years, I have never been in possession of an immigrant visa.  I also have never been in possession of a non-immigrant visa that authorized me to work in the United States.  I am a nonimmigrant, that is to say, I do not have presently nor have I ever had a visa or other authorization allowing me to immigrate to or remain within the United States on a permanent basis.

ECF No. [28].  This Affidavit was filed in the publicly accessible record on June 12, 2016, at ECF No. [40], in that case.

---

[1]  Both Plaintiff and Plaintiff-Intervenor expressly advised Defendant within their respective amended initial disclosures that backpay and future wages are no longer sought.  ECF Nos. [21-1] [21-2].

On March 7, 2016, the EEOC filed the pending Motion for Protective Order requesting that all discovery pertaining to the immigration or citizenship status of Velasquez or any class member or potential class member be barred.[2]  ECF No. [21].  During Velasquez's deposition on March 8, 2016, she was instructed by counsel not to answer questions related to her date of birth, driver's license number, social security number, and immigration status based upon the Motion for Protective Order previously filed.  ECF No. [22] at 2.

II.    LEGAL STANDARD

Generally, Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. *E.E.O.C. v. v. DiMare Ruskin, Inc.*, No. 2:11-CV-158-FTM-99, 2012 WL 12067868, at *3 (M.D. Fla. Feb. 15, 2012).  Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The burden of persuasion is upon the party seeking the protective order to show good cause by demonstrating the harm or prejudice that will result from the discovery.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004); *Fair Hous. Ctr. of the Greater Palm eaches, Inc. v. High Point of Delray Beach Condo. Ass'n*, No. 05-81040-CIV-JMH, 2006 WL 8066685, at *4 (S.D. Fla. Oct. 23, 2006).  Federal courts have recognized that the prospect of retaliatory reporting of immigration status and the potential criminal penalties or deportation that may follow as a harm or prejudice, is sufficient to show good cause as required for a protective order.  *Rivera*, 364 F.3d at 1063-64; *Ruskin*, 2012 WL 12067868, at *4.

---

[2]  Including deposition questions, third-party subpoenas, written discovery requests, or other testimony.

III.    **LEGAL STANDARD**

    A.  **Witnesses and Potential Class Members**

At the hearing, Plaintiff argued that discovery relating to the immigration status, social security number, or travel of witnesses or class members poses harm or prejudice in the form of adverse consequences such as deportation or criminal charges, and as such, good cause exists to bar the discovery of said information.  Defendant claimed that such a protective order would prohibit the discovery of information vital to its ability to identify witnesses or class members and impeach their credibility.

This Court recognizes the legitimate concern that inquiries into the immigration or legal status of witnesses or potential class members may deter such persons from coming forward in this litigation.  As the Court held in *Ruskin,*

> [t]he EEOC's mission of protecting victims of employment discrimination would be hampered if potential victims are unwilling to come forward and cooperate because of fear of removal or other immigration consequences. Most importantly, discovery of the Claimants' immigration status would cause them embarrassment and, if their status is found to be illegal, could subject them to criminal charges and, possibly, deportation.  Therefore, if this Court does not suppress discovery into the Claimants' immigration status, it would discourage employees from bringing actions against their employers who engage in discriminatory employment practices.

2012 WL 12067868, at *5 (M.D. Fla. Feb. 15, 2012).  Based on Plaintiff's arguments at the hearing and aforementioned case, the undersigned Magistrate Judge concludes that Plaintiff has met its burden in showing good cause exists to protect the witnesses' or class members' immigration status, social security number, and travel to and from the United States from discovery.  Thus, the Motion for Protective Order is granted, in part, and the information stated above is barred from discovery by the Defendant.

The Motion for Protective Order is denied, in part, because this Court also recognizes the need of Defendant to identify witnesses or class members and contest their credibility for purposes of ensuring reliable testimony.  Information pertaining to date of

birth, driver license number, race, addresses, and how long they lived there is discoverable by the Defendant.  Inquiries relating to how long a witness or class member has lived in particular place are limited by a three year temporal requirement.  All of the information provided to Defendant regarding those matters shall not be disclosed or used for any purpose other than in this case.  If the Defendant violates this confidentially provision, it may be subject to sanctions.

B. Plaintiff-Intervenor Debora Velasquez

Plaintiff's arguments in support of a protective order regarding Velasquez's immigration status and other identifying formation mirrored those made for witnesses and class members.  In response, the Defendant argued that the need for this discovery was even more important with respect to Velasquez's credibility as she is a Plaintiff-Intervenor in this case.  Defendant also argued that there could be no chilling effect on Velasquez because she had openly acknowledged her immigration status in the FLSA case.

The potential harm or prejudice set forth above applicable to witnesses or class members is inapplicable to Velasquez.  Velasquez knowingly and voluntarily disclosed her immigration status via a formal declaration under oath filed into public record.  ECF No. [28].  Considering Velasquez's public declaration, Plaintiff failed to raise sufficient facts or arguments to show that Velasquez would be deterred from pursuing this lawsuit should Defendant inquire about her date of birth, driver license number, aliases, addresses, social security number, or immigration status.  Moreover, Defendant has a legitimate interest in impeaching Velasquez's credibility and said interest is not outweighed by the minimal harm posed by discovering information similar or identical to the information already publicly disseminated.

Accordingly, this Court denies the relief Plaintiff seeks in its Motion for Protective Order regarding Velasquez because Plaintiff has failed to demonstrate the harm or

prejudice that would occur as required for good cause to exist.  Furthermore, the Motion

for Leave to File a Brief is denied as moot because Plaintiff-Intervenor's counsel was

present at the hearing and was permitted to argue her position.  Moreover, the facts and

arguments that Ms. Velasquez sought to challenge did not form the basis of the

undersigned's ruling.  Thus, Plaintiff-Intervenor must produce a sworn declaration

providing the answers to questions objected to during Velasquez's deposition by June

22, 2016.  None of the information provided to the Defendant shall be disclosed outside

of this case or used in a manner inconsistent with this Order.

IV.    **CONCLUSION**

Based upon the above analysis, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Motion for Protective Order, ECF

No. [21], is **GRANTED** in part and **DENIED** in part.

The Defendant may not seek discovery regarding the immigration status, social

security number, and travel to and from the United States of witnesses or class

members, but such inquiries of Plaintiff-Intervenor Debora Velasquez are permissible.  It

is further

ORDERED AND ADJUDGED that the answers to the questions not answered in

Velasquez's deposition on March 8, 2016, must be provided to Defendant by June 22,

2016.  None of the information provided to Defendant may be used outside the confines

of this litigation.  It is further

ORDERED AND ADJUDGED that Plaintiff-Intervenor's Motion for Leave to File Brief

in Response to Defendant's Memorandum in Opposition to Plaintiff EEOC's Motion for

Protective Order, ECF. No. [23], is **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, in chambers, on June 27, 2016.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
All Counsel of record